# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## GDONGALAY P. BERRY v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. IF7101 & 97-A-196     J. Randall Wyatt, Jr., Judge**

---

**No. M2004-00334-CCA-R3-PC - Filed December 7, 2004**

---

Gdongalay Berry filed petitions for post-conviction relief attacking convictions in Davidson County Docket Nos. IF7101 and 97-A-196.  The State has filed a motion pursuant to Rule 20, Rules of the Court of Criminal Appeals of Tennessee, for this Court to affirm the judgment of the trial court by memorandum opinion.  We grant the motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court**
**Affirmed Pursuant to Rule 20 of the Tennessee Court of Criminal Appeals**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Mike J. Urquhart, Nashville, Tennessee, for the appellant, Gdongalay P. Berry.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; Elizabeth T. Ryan, Assistant Attorney General; Victor S. Johnson, III., District Attorney General; and Kathy Morante, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

Pursuant to a plea agreement, Defendant pled guilty to aggravated assault in Davidson County Docket No. IF7101 on November 22, 1994.  In Docket No. 97-A-196, he was convicted of two counts of aggravated robbery following a jury trial.  The date of the final action of the highest state appellate court to which an appeal was taken in the aggravated robbery convictions was August 31, 2000.

In separate petitions for post-conviction relief, both filed on September 16, 2002, Defendant attacked these convictions.  The trial court summarily dismissed the petitions because they were filed outside of the statute of limitations contained in Tennessee Code Annotated section 40-30-102(a). Defendant filed a timely appeal from this order of dismissal.

It appears from the record that none of the exceptions to the statute of limitations contained in Tennessee Code Annotated section 40-30-102(b) were alleged in the petition or are otherwise applicable. On appeal, Defendant asserts that he is entitled to relief because the trial court entered the order dismissing the petitions more than a year after the filing of the petitions in September, 2002, in violation of the provisions of Tennessee Code Annotated section 40-30-106(a) stating that the trial court shall, within thirty days of the filing of the original petition, enter an order in accordance with the provisions of Tennessee Code Annotated section 40-30-106 or 40-30-107. Defendant also argues that the trial court erred in dismissing the petitions without an evidentiary hearing because a colorable claim was alleged. In his brief on appeal, Defendant does not directly state why the statute of limitations is not applicable.

The judgment of the post-conviction court in this proceeding was before the trial judge without a jury, and the judgment was not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge that the petitions should be dismissed because they were filed in violation of the statute of limitations. No error of law requiring a reversal of the judgment of the trial court is apparent on the record.

Accordingly, pursuant to Rule 20, Rules of the Court of Criminal Appeals, the judgment of the post-conviction court is affirmed.

## CONCLUSION

For the reasons stated, the judgment of the trial court in dismissing the petitions for conviction relief is affirmed.

_____
THOMAS T. WOODALL, JUDGE